State v. Triplett

---

STATE OF NORTH CAROLINA v. DAVID TRIPLETT

No. 7023SC454

(Filed 16 September 1970)

Criminal Law § 145.1— violation of probation — transfer to county of original sentencing

> Where a defendant charged with a violation of probation made a motion to be returned to the county in which he was originally placed on probation, the superior court judge was required by statute to grant the motion; and it was error for the judge himself to conduct a hearing on the violation and to extend the period of probation. G.S. 15-200.

APPEAL by defendant from *Gambill, J.,* in chambers, 17 April 1970, WILKES Superior Court.

This was a criminal action heard on the report of the North Carolina Probation Officer as to the defendant's having violated the terms and conditions of probation.

The record on appeal reveals that the defendant was convicted of breaking, entering and larceny at the May 1967 Term of the Superior Court of Surry County, and that he received a sentence of imprisonment of not less than three nor more than five years and that said prison sentence was suspended and the defendant was placed on probation for a period of three years upon the usual conditions of probation plus the special condition that the defendant pay a fine of $200.00 and the costs and restitution to Howard Hinson in the amount of $150.00, all to be paid at the rate of $20.00 each month. Thereafter, the proba-

tioner, a resident of Wilkes County, was transferred to the supervision of E. J. Durham, Probation Officer assigned in Wilkes County.

On 16 April 1970, Probation Officer Durham served upon the defendant a notice requiring the defendant to post bond in the amount of $500.00 for the defendant's appearance before the Resident Judge of the Twenty-third Judicial District at his office in North Wilkesboro, North Carolina, at 2:00 p.m. on 17 April 1970 for a hearing for the violation of the defendant's probation for failure to comply with the judgment in Surry County.

On 17 April 1970, the defendant filed with the said E. J. Durham a request to be returned to Surry County, and said request was presented to the Honorable Robert M. Gambill by the said E. J. Durham prior to 2:00 p.m. on 17 April 1970. On 17 April 1970, Judge Gambill heard the report of the probation officer as to the defendant's having violated the terms and conditions of probation, and after finding as a fact that the defendant had violated the special condition of probation by failing to pay court costs, fine and restitution at the rate of $20.00 each month, and that as of 10 April 1970 there was an outstanding balance in the amount of $223.90, and that no payment had been made since 15 March 1968, the court entered an order extending probation from 10 May 1970 until 9 May 1971, and issued a "Probation Violation Warrant and Order for a Capias" which, in pertinent part, provided:

> "IT IS NOW, THEREFORE, ORDERED that a *Capias Instanta* be issued by the Clerk of this court with his seal imprinted thereon for the above named defendant, that he may be taken and returned to the Court for a further hearing as to whether or not he has violated the terms and conditions of the Probation judgment.

> "IT IS FURTHER ORDERED, that, when the defendant be found, the Probation Officer or any duly authorized law enforcement officer of this County go for and return the said defendant to Surry County and shall produce him in Court for the further hearing above mentioned.

> "$500.00 Bond continued to May 4, 1970 Term of Surry Superior Court."

To the entry of the "Order Extending Probation" and the entry of the "Probation Violation Warrant and Order for a

State v. Triplett

Capias," the defendant excepted and appealed to the North Carolina Court of Appeals.

*Robert Morgan, Attorney General, and Edward L. Eatman, Jr., Staff Attorney, for the State.*

*Franklin Smith for defendant appellant.*

HEDRICK, J.

G.S. 15-200, in pertinent part, provides that where a probationer resides in a county or judicial district other than that in which he was placed on probation, the resident judge of the superior court of the district where the said probationer resides ". . . shall on request of the probationer, return such probationer for hearing and disposition to the county or judicial district in which such probationer was originally placed on probation; . . . ."

The record discloses that the defendant's request to be returned to Surry County had been filed with the probation officer at 10:00 a.m. 17 April 1970, and that the same had been delivered to the Resident Judge before 2:00 p.m. 17 April 1970. The applicable portions of the statute are mandatory, and in the instant case required the court to return the probationer to Surry County for a hearing and disposition as to the violation of the conditions of probation. Instead, Judge Gambill heard the report of the probation officer, made findings of fact, and entered an order extending probation. He also issued a "Probation Violation Warrant and Order for a Capias" to have the defendant returned to Surry County for a further hearing as to "whether or not he has violated the terms and conditions of the Probation judgment." The two orders appear to be contradictory.

When the motion was made by the defendant to be returned to Surry County the statute required that he be returned. It was error for Judge Gambill to conduct a hearing and extend the period of probation and the order purporting to do so is hereby vacated.

The order of Judge Gambill transferring the case to Surry County was proper.

The case is returned to Wilkes County for further proceedings consistent with this opinion.

Error and remanded.

MALLARD, C.J., and PARKER, J., concur.