STATE OF NORTH CAROLINA v. DAVID TRIPLETT

No. 7017SC645

(Filed 16 December 1970)

1. **Criminal Law §§ 145.1, 153— probation revocation proceeding — void order extending probation — transfer to county of original sentencing — hearing held while appeal pending — jurisdiction**

In this probation revocation proceeding wherein an order entered in the Superior Court of Wilkes County extending the period of probation was void because defendant had requested that he be returned to Surry County where he was originally placed on probation, jurisdiction of the Superior Court of Wilkes County was not affected by defendant's notice of appeal from the void order, and the proceeding was properly transferred to and heard in the Superior Court of Surry

State v. Triplett

County while defendant's appeal from the void Wilkes County order was pending in the Court of Appeals.

2. **Criminal Law § 145.1— probation revocation proceeding — request for transfer to county of sentencing — warrant and capias**

"Probation Violation Warrant and Order for Capias" directing that defendant be returned for hearing to the county where he was originally placed on probation, entered in response to defendant's request to be returned to that county, was required by G.S. 15-200 and was not subject to quashal in this case.

3. **Criminal Law §§ 26, 145.1— probation revocation — plea of former jeopardy based on void hearing**

Even if revocation of probation for breach of condition is properly the subject of a plea of former jeopardy, the court properly denied defendant's plea based on a prior hearing which was a nullity.

APPEAL by defendant from *McConnell, Superior Court Judge,* Regular May 1970 Criminal Session, SURRY Superior Court.

The defendant was convicted of breaking, entering and larceny at the May 1967 Term of Surry Superior Court and was sentenced to not less than three (3) nor more than five (5) years. The active sentence was suspended upon the usual conditions of probation and the special condition that the defendant pay the costs, a fine of $200.00 and restitution to Howard Hinson in the amount of $150.00, all to be paid at the rate of $20.00 per month. Thereafter, the probationer, a resident of Wilkes County, was transferred to the supervision of E. J. Durham, Probation Officer assigned to Wilkes County.

On 17 April 1970, appellant appeared before Wilkes Superior Court for a hearing as to whether he had complied with the judgment in Surry County. Judge Gambill found as a fact that appellant had violated the terms and conditions of probation and entered an order extending probation from 10 May 1970 until 9 May 1971. Pursuant to appellant's written request, Judge Gambill also issued a "Probation Violation Warrant and Order for a Capias" directing that appellant be returned to Surry County for a further hearing. Appellant appealed to this Court from the orders of Judge Gambill. On 4 May 1970, while that appeal was pending, appellant appeared before Surry Superior Court for a further hearing pursuant to the probation violation warrant and order for capias. At that hearing Judge McConnell found as a fact that defendant had violated the terms and conditions of the probation in that no payments for cost, fine and restitution had been made since 15 March 1968, and

there was an outstanding balance of $223.90 as of 16 April 1970. Judge McConnell ordered probation revoked and ordered the sentence of three (3) to five (5) years into effect immediately. From the order revoking probation and imposing an active sentence, defendant appeals.

*Attorney General Robert Morgan by Assistant Attorney General Henry T. Rosser for the State.*

*Franklin Smith for defendant appellant.*

VAUGHN, Judge.

[1] Appellant contends that Surry Superior Court was without jurisdiction to hear this matter until the case from Judge Gambill's chambers could be heard by this Court on appeal. We disagree.

In *State v. Triplett,* 9 N.C. App. 443, 176 S.E. 2d 399, this Court held:

> "When the motion was made by the defendant to be returned to Surry County the statute required that he be returned. It was error for Judge Gambill to conduct a hearing and extend the period of probation and the order purporting to do so is hereby vacated."

The rule regarding appeals from void judgments is found in 1 Strong, N.C. Index, Appeal and Error, § 16, p. 137: "Notice of appeal from a void order does not take the cause out of the Superior Court, and the judge has power thereafter to enter a subsequent order in the cause." Since jurisdiction was not affected by notice of appeal, it remained in Wilkes Superior Court until transferred by Judge Gambill. This Court has already held that "[t]he order of Judge Gambill transferring the case to Surry County was proper." *State v. Triplett, supra.* Therefore, Surry Superior Court had jurisdiction in the matter.

[2, 3] Appellant also assigns as error the failure to quash the probation violation warrant and order for capias entered in Wilkes Superior Court, and the failure to grant his plea of former jeopardy. The probation violation warrant and order for capias was entered in response to appellant's request and was required by N. C. Gen. Stat. 15-200. *State v. Triplett, supra.* Even if revocation of probation for breach of condition were properly

the subject of a plea of former jeopardy, the defendant's plea was properly denied because, among other reasons, the hearing in Wilkes Superior Court was a nullity.

All of the appellant's remaining assignments of error pertain to the conduct of the hearing and to the alleged inadequacy of the evidence to support the judgment. We have carefully examined the record, and we find it free from prejudicial error. The findings of fact and the judgment entered thereon are adequately supported by the evidence.

Affirmed.

Judges BROCK and MORRIS concur.